NO. 07-12-00200-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 19, 2012

WILLIAM WHITTEN, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 403RD DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-DC-10-301196; HONORABLE BRENDA KENNEDY, JUDGE

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**ORDER OF ABATEMENT AND REMAND**

Appellant, William Whitten, filed notice of appeal from judgments finding appellant guilty of two counts of aggravated sexual assault of a child, each with 50 year sentences of incarceration in the Institutional Division of the Texas Department of Criminal Justice; two counts of indecency with a child by contact, each with 20 year sentences; and two counts of indecency with a child by exposure, each with 10 year sentences. The appellate court clerk received and filed the trial court clerk's record on April 23, 2012. The official court reporter filed the reporter's record with the appellate court clerk on May 14. Consequently, appellant's brief was due to be filed on or before

June 13. On June 28, this Court sent appellant notice that his brief was past due. In that letter, this Court informed appellant that, if he failed to file his brief by July 9, the appeal will be abated and the cause remanded to the trial court without further notice. To date, appellant has not filed his brief nor responded to our June 28 correspondence.

Accordingly, we now abate this appeal and remand the cause to the trial court. See TEX. R. APP. P. 38.8(b)(2). The clerk's record reflects that the trial court has appointed Eric McDonald to represent appellant on appeal. Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether appellant is indigent; (3) whether present counsel for appellant has abandoned the appeal; (4) if appellant desires to prosecute this appeal and is indigent, whether appellant's present counsel should be replaced; and (5) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued. If the trial court determines that the present attorney for appellant should be replaced, the trial court should cause the Clerk of this Court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file findings of fact, conclusions of law, and recommendations addressing the determinations identified above and cause them to be included in a supplemental clerk's

record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporter's record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the supplemental reporter's record; and (5) cause the records of the proceedings to be sent to this Court. See TEX. R. APP. P. 38.8(b)(3). In the absence of a request for extension of time from the trial court, the supplemental clerk's record, supplemental reporter's record, and any additional proceeding records, including any orders, findings, conclusions, and recommendations, are to be sent so as to be received by the Clerk of this Court not later than Monday, August 20, 2012.


                                        Per Curiam


Do not publish.